804 So.2d 886 (2001)
Troy EDWARDS, Wayne O. Mizell, Thomas J. Anderson, and Shelby Garrett
v.
The STATE of Louisiana By and Through the DEPARTMENT OF HEALTH AND HOSPITALS FOR SOUTHEAST LOUISIANA STATE HOSPITAL AT MANDEVILLE, LOUISIANA, Elwood Barker, Edward J. Anderson, Otto W. Haldenwanger, W.R. Grace & Co.-Conn., U.S. Gypsum, National Gypsum, GAF Corp., Eagle Inc., McCarty Corp.
No. 2000 CA 2420.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
*887 John F. Dillon, New Orleans, LA, Harry C. Graham, III, Jacques F. Bezou, Covington, LA, for plaintiffs/appellants, Troy Edwards, Wayne O. Mizell, Thomas J. Anderson and Shelby Garrett.
Michael R. Sistrunk, Mark E. Hanna, Metairie, LA, for defendant/appellee, W.R. Grace & Co.-Conn.
Noel E. Warren, Bettye Barrios, Rene S. Paysse, Jr., New Orleans, LA, for defendant/appellee, State of Louisiana.
Kevin J. Webb, New Orleans, LA, for defendant/appellee, U.S. Gypsum.
Susan B. Kohn, New Orleans, LA, for defendant/appellee, McCarty Corp.
Stephen C. Aertker, Jr., Thomas H. Huval, New Orleans, LA, for defendant/appellee, GAF Corp.
Lawrence Pugh, III, New Orleans, LA, for defendant/appellee, Eagle, Inc.
BEFORE: CARTER, C.J., PARRO, and CLAIBORNE,[1] JJ.
CARTER, C.J.
Plaintiffs, who were exposed to asbestos and asbestos-containing products while working at Southeast Louisiana State Hospital in Mandeville from 1951 to present, brought this class action lawsuit seeking damages for medical monitoring. Two of the defendants, the State of Louisiana and W.R. Grace & Co.-Conn., filed peremptory exceptions raising the objection of no cause of action, alleging plaintiffs were not afforded a remedy under the law because the 1999 amendment to Louisiana Civil Code article 2315 specifically excludes damages in tort actions for future medical treatment unless directly related to a manifest physical or mental injury or disease. The trial court sustained the exceptions. Plaintiffs appeal.

LEGAL BACKGROUND
In 1998, the Louisiana Supreme Court ruled in Bourgeois v. A.P. Green Industries, Inc., 97-3188 (La.7/8/98), 716 So.2d 355 (Bourgeois I), that asymptomatic plaintiffs who can prove a need for future medical monitoring by meeting seven specific criteria can recover the reasonable cost of that care as damages under Louisiana Civil Code article 2315. The following year, the Louisiana Legislature amended article 2315 to exclude future medical monitoring as damages. The language added by Louisiana Acts 989 of 1999 is as follows:
Damages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a manifest physical or mental injury or disease.
The legislature made it clear in Sections 2 and 3 of Act 989 that it intended the amendment to be given both retroactive and prospective effect:
Section 2. The provisions of this Act are interpretative of Civil Code Article 2315 and are intended to explain its original intent, notwithstanding the contrary interpretation given in Bourgeois v. A.P. Green Indus., Inc., 97-3188 (La.7/8/98); 716 So.2d 355, and all cases consistent therewith.
Section 3. The provisions of this Act shall be applicable to all claims existing or actions pending on its effective date *888 and all claims arising or actions filed on and after its effective date.
After article 2315 was amended, the defendants in the Bourgeois I case filed exceptions raising the objection of no cause of action, which the trial court overruled on the ground that the constitution barred retroactive application of the amendment. On appeal, the Louisiana Supreme Court affirmed the trial court, finding that if the seven criteria in Bourgeois I converged before July 9, 1999, the effective date of Act 989, the plaintiffs had a vested property right to their accrued causes of action that could not be constitutionally divested by Act 989. Bourgeois v. A.P. Green Indus., Inc., 00-1528 (La.4/3/01), 783 So.2d 1251, 1261 (Bourgeois II).

FACTUAL AND PROCEDURAL BACKGROUND
Plaintiffs filed this suit on December 22, 1999, after Bourgeois I and the amendment to article 2315, but before Bourgeois II. They pleaded facts in their petition that met all seven of the Bourgeois I criteria. The trial court, however, found that because the suit was filed after the effective date of the amendment to article 2315, and because the legislature had expressed a clear intent to "prevent the remedies prayed for" by plaintiffs, plaintiffs failed to state a cause of action.
Plaintiffs contended on appeal that the legislature's express intent could not be used as a guise to eliminate vested rights and was inconsistent with the due process guarantees of the Louisiana and United States Constitutions. While the appeal was pending, Bourgeois II was decided. Plaintiffs filed a supplemental brief urging this court to follow Bourgeois II and reverse the trial court's judgment.

ANALYSIS
The facts in this case parallel those in Bourgeois II. Plaintiffs allege they were exposed to asbestos fibers at Southeast Louisiana State Hospital over a lengthy period of time. The exposure that gave rise to the need for medical monitoring allegedly occurred long before this suit was filed. The trial court herein relied on the legislature's intent to make the amendment to article 2315 retroactive, but the supreme court held in Bourgeois II that such a retroactive application is unconstitutional if the cause of action accrued before the effective date of the 1999 amendment. Application of the amendment to article 2315 to these plaintiffs could deprive them of their vested rights; however, the trial court has yet to make that determination.
At oral argument, defendants' counsel contended plaintiffs could not raise the unconstitutional application of Act 989 on appeal because it was not raised in the lower court until after the exception of no cause of action was sustained. An appellate court, however, is bound to adjudge a case before it in accordance with the law existing at the time of its decision. Statutory interpretation and the construction to be given to legislative acts are a matter of law and rest with the judicial branch of the government. Bourgeois II, 783 So.2d at 1260. Therefore, the law existing at the time of our decision is that set down by the Louisiana Supreme Court in Bourgeois II.
Bourgeois II requires us to reverse the judgment of the trial court sustaining the exceptions raising the objection of no cause of action, and remand this case to the trial court for further proceedings. Appeal costs in the sum of $423.00 are assessed one-half each to the defendants/appellees, the State of Louisiana and W.R. Grace & Co.-Conn.
REVERSED AND REMANDED.
NOTES
[1] Hon. Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.