STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1475

WILLIAM COOK & RENEE SOILEAU

VERSUS

CARL SWAYZE RIGBY, M.D. & LOUISIANA MEDICAL MUTUAL
INSURANCE COMPANY

Judgment Rendered: _____NOV 2 5 2020_____

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C633382
Honorable William A. Morvant, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Michael C. Palmintier<br>Baton Rouge, LA | Counsel for Plaintiffs/Appellants,<br>William Cook & Renee Soileau |
| Herbert J. Mang, Jr.<br>Tara S. Bourgeois<br>Carey M. Nichols<br>Nancy B. Roberts<br>Jonathan Thomas<br>Baton Rouge, LA | Counsel for Defendants/Appellees,<br>Carl Swayze Rigby, MD & Louisiana<br>Medical Mutual Insurance Company |
| Douglas K. Williams<br>Chris D. Billings<br>Kelsey A. Clark<br>Katherine D. Cook<br>Baton Rouge, LA | Counsel for Defendant/Appellee,<br>Our Lady of the Lake Hospital, Inc. |
| Vance A. Gibbs<br>Randal R. Cangelosi<br>Jason R. Cashio<br>Baton Rouge, LA | Counsel for Defendants/Appellees,<br>Matthew A. Stair, MD, Michael L. Bruce,<br>MD, David W. Walker, MD, Radiology<br>Associates, LLC & Louisiana Medical<br>Mutual Insurance Company |

\*\*\*\*\*\*\*\*\*\*\*\*\*

BEFORE: WHIPPLE, C.J., GUIDRY, AND WOLFE, JJ.

**WHIPPLE, C.J.**

This matter is before us on appeal by plaintiffs, William Cook and Renee Soileau, from a judgment of the trial court maintaining a peremptory exception of prescription in favor of defendants, Matthew A. Stair, M.D., Michael L. Bruce, M.D., David W. Walker, M.D., Radiology Associates, L.L.C., and Louisiana Medical Mutual Insurance Company ("LAMMICO"), and dismissing plaintiffs' claims with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

William Cook underwent a mitral valve repair surgery performed by Dr. Carl Swayze Rigby on July 20, 2012. In January of 2013, Cook's cardiologist discovered a retractor bolt in Cook's pericardium, which purportedly had fallen from a surgical instrument during the 2012 valve repair surgery. On July 19, 2013, Cook and his wife, Renee Soileau, filed a complaint against Dr. Rigby with the Patient's Compensation Fund ("PCF") to establish a medical review panel in accordance with the provisions of the Louisiana Medical Malpractice Act ("MMA"). However, after a panel chairman was not appointed within one year pursuant to LSA-R.S. 40:1299.47(C), the claim was dismissed.[1] Thereafter, on September 9, 2014, plaintiffs filed the instant medical malpractice suit against Dr. Rigby and his insurer, LAMMICO.[2]

On July 13, 2018, plaintiffs filed an amended and supplemental petition naming Kapp Surgical Instrument, Inc. ("Kapp"), Our Lady of the Lake Hospital, Inc. ("OLOL"), Radiology Associates, LLC, Matthew Allen Stair, M.D., Michael

---

[1]Pursuant to House Concurrent Resolution No. 84 of the 2015 Regular Session, Title 40 was recodified in its entirety and the MMA, formerly cited as LSA-R.S. 40:1299.41, *et seq.*, was redesignated as LSA-R.S. 40:1231.1, *et seq.* In particular, LSA-R.S. 40:1299.47 was redesignated as LSA-R.S. 40:1231.8. For ease of reference, all citations hereinafter are to the current statutory designation. See Kirt v. Metzinger, 2019-1162 (La. 4/3/20), ___ So. 3d ___, ___ n.3.

[2]Plaintiffs asserted constitutional challenges to LSA-R.S. 40:1237.2, *et seq.*, which the parties agreed to bifurcate and try "if, and only if, following conclusion of trial on the merits, one of the defendants whose liability is limited by the statute in question is found liable to the plaintiffs herein in an amount in excess of the statutory limits."

2

Lynn Bruce, M.D., David Wyman Walker, M.D., and their insurer, LAMMICO, as defendants, based on allegations made by Dr. Rigby in a September 2017 deposition, regarding negligence in the interpretation of radiological images by Drs. Stair, Bruce, and Walker on July 20, 21, and 23, 2012, and the liability of the bolt's manufacturer. On the same date, plaintiffs filed a petition to establish a medical review panel with the PCF against the newly added healthcare defendants.

Radiology Associates, LLC, Drs. Stair, Bruce, Walker, and LAMMICO ("the radiology defendants") subsequently filed a peremptory exception of prescription, contending that plaintiffs' claims against them filed in July of 2018 were filed over three years after their alleged actions involving interpretation of radiological images in July of 2012, and that in the absence of the suspension or interruption of prescription, the claims are thus prescribed on their face pursuant to LSA-R.S. 9:5628(A). Following a hearing, the trial court found that plaintiffs' claims had prescribed. Accordingly, on June 27, 2019, the trial court signed a judgment granting the exception of prescription and dismissing plaintiffs' claims against the radiology defendants with prejudice.[3]

Plaintiffs now appeal, contending that the MMA should not be interpreted to override the general interruption-of-prescription and relation-back principles established in the Civil Code and Code of Civil Procedure.

## DISCUSSION

Ordinarily, the party pleading prescription bears the burden of proving the claim has prescribed. However, when the face of the petition reveals that the plaintiffs' claims have prescribed, the burden shifts to the plaintiffs to demonstrate prescription was suspended or interrupted. See LeBreton v. Rabito, 97-2221 (La. 7/8/98), 714 So. 2d 1226, 1228; Johnson v. Shafor, 2008-2145 (La.

---

[3]Plaintiffs' claims against Kapp, a non-healthcare provider, and OLOL were also dismissed with prejudice pursuant to exceptions of prescription. Plaintiffs' appeals of those judgments are also pending before this court.

3

App. 1st Cir. 7/29/09), 22 So. 3d 935, 938-39, writ denied, 2009-1921 (La. 11/20/09), 25 So. 3d 812. When, as in this case, no evidence is introduced at the hearing to support or controvert the exception of prescription, the exception must be decided upon facts alleged in the petition with all allegations accepted as true.[4] See LSA-C.C.P. art. 931; Cichirillo v. Avondale Industries, Inc., 2004-2894 (La. 11/29/05), 917 So. 2d 424, 428. If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. Harris v. Breaud, 2017-0421 (La. App. 1st Cir. 2/27/18), 243 So. 3d 572, 578-579.

The prescriptive period for actions based on medical malpractice is set forth in LSA-R.S. 9:5628(A), which requires that such claims be brought within one year of the alleged act, omission, or neglect, or within one year from the date of discovery. Additionally, even as to claims filed within one year of the discovery of the alleged malpractice, all such claims must be filed, at the latest, within three years from the date of the alleged act, omission, or neglect. LSA-R.S. 9:5628(A).[5]

Both the one-year and three-year periods set forth in LSA-R.S. 9:5628 are prescriptive, with the qualification that the *contra non valentem* type exception to prescription embodied in the discovery rule is expressly made inapplicable after

---

[4]Unless properly offered and introduced into evidence, documents attached to memoranda do not constitute evidence and cannot be considered on appeal. Atain Speciality Insurance Company v. Premier Performance Marine, LLC, 2015-1128 (La. App. 1st Cir. 4/8/16), 193 So. 3d 187, 190.

[5]Louisiana Revised Statute 9:5628(A) provides, in pertinent part, that:

> No action for damages for injury or death against any physician, [...] whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, **in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.** [Emphasis added.]

4

three years from the act, omission, or neglect. Harris v. Breaud, 243 So. 3d at 578, citing Borel v. Young, 2007-0419 (La. 11/27/07), 989 So. 2d 42, 48 (on rehearing).

The Louisiana Supreme Court has determined that medical malpractice claims are governed by the specific provisions of the MMA regarding suspension of prescription to the exclusion of general codal articles on interruption-of-prescription and relation-back principles. Warren v. Louisiana Medical Mutual Insurance Company, 2007-0492 (La. 6/26/09), 21 So. 3d 186, 207 (on rehearing). In Warren, the Supreme Court reaffirmed its prior holdings in Borel and LeBreton and rejected the application of LSA-C.C. arts. 3462 and 2324(C) regarding the interruption of prescription, as well as the application of LSA-C.C.P. art. 1153 regarding relation-back principles, in medical malpractice actions. See Warren v. Louisiana Medical Insurance Company, 21 So. 3d at 206-208. In determining that the general articles could not be applied to claims governed by the more specific provisions of the MMA, the court reasoned as follows:

> *LeBreton* and *Borel* stand for the proposition that medical malpractice claims are governed by the specific provisions of the Medical Malpractice Act regarding suspension of prescription to the exclusion of the general codal articles on interruption of prescription. These cases are equally applicable here. The expressed reasoning behind the holding in *LeBreton* was that if the general rules on interruption were to apply to a medical malpractice action, "then the prescription and suspension provisions provided in the Medical Malpractice Act will be written out," and "[t]herein lies the conflict." *LeBreton, supra* at 1230. Although La. C.C.P. art. 1153 does not "interrupt" prescription as did the general codal articles in *LeBreton* and *Borel,* "relation back" of an untimely filed amended petition directly avoids the application of prescription by allowing a claim that would have otherwise prescribed to proceed. The effect of this interference is that if relation back is allowed, the "prescription and suspension provisions provided in the Medical Malpractice Act will be written out," which, as we recognized in *LeBreton,* presents "a conflict." *LeBreton, supra* at 1230. Further, the application of La. C.C.P. art. 1153 "would potentially subject a health care provider to an indefinite period of prescription, ... a result clearly at odds with the purpose of the [Act]." *Borel, supra* at 68, n. 12. Because medical malpractice actions are governed by the specific provisions of the Act regarding prescription and suspension of prescription, under *Borel,* we find that any general codal article which conflicts with these provisions may not be applied to such actions in the absence of specific legislative

5

authorization in the Act. The Act has no rules allowing relation back of pleadings for medical malpractice claims. The application of Article 1153 would permit the adding of an [sic] plaintiff subsequent to the expiration of the three-year period provided for in La. R.S. 9:5628, and would read out of the statute the prescription and suspension period provisions by La. R.S. 9:5628 and La. R.S. 40:1299.47; therefore, La. C.C.P. art. 1153 may not be applied to the medical malpractice action under the reasoning of *LeBreton* and *Borel*.

Warren v. Louisiana Medical Insurance Company, 21 So. 3d at 207-208 (footnote omitted).

Here, plaintiffs' petition and complaint with the PCF state that the alleged negligent interpretation of Cook's x-rays by the radiology defendants occurred on July 20, 21, and 23, 2012. Where both were filed more than three years later on July 13, 2018, the claims are prescribed on their face pursuant to LSA-R.S. 9:5628(A). Plaintiffs thus bear the burden of establishing that their claims have not prescribed. See LeBreton v. Rabito, 714 So. 2d at 1228. Recognizing the difficulties of meeting this burden under the aforementioned law, however, plaintiffs ask this court to "re-visit the underpinnings" of Borel and Warren and enter an opinion consistent with the views expressed in the dissenting opinions of Chief Justices Calegero and Johnson therein.

Plaintiffs argue that the current interpretation of the MMA effectively eliminates the interruption-of-prescription and relation-back principles set forth in LSA-C.C. art. 2324 and LSA-C.C.P. art. 1153, and thereby encourages potentially liable medical malpractice defendants to delay revealing or to instead conceal malpractice committed by other parties, while simultaneously urging, as a defense to their own actions, the conduct of such third parties. Plaintiffs contend that the effect of applying those rulings herein prevents potentially liable radiologists from being added to the lawsuit after a timely sued healthcare provider, Dr. Rigby, "pointed the finger at them" three years after he allowed a medical review panel to lapse. Plaintiffs further contend that the traditional suspension of prescription

6

through the discovery rule is especially necessary in a medical malpractice case, where the issues are very complicated, the discovery process takes time, and, more importantly, defendants are in a superior position of knowledge regarding the facts, circumstances, and liability in the case.

The radiology defendants counter that although plaintiffs aver that they did not discover the alleged acts of negligence until Dr. Rigby's deposition in September of 2017, no action was taken on their part to deliberately conceal any potential claim against them. Moreover, the radiology defendants contend that the bolt found in Cook's chest was identified in an x-ray taken January 29, 2013, thus supplying plaintiffs with every reason to question the earlier interpretation of post-surgery x-rays taken by the radiologists on July 20, 21, and 23, 2012, yet plaintiffs failed to do so. The radiology defendants conclude that plaintiffs simply failed to inquire into the scope of the radiologists' treatment and care in interpreting the earlier post-surgical x-rays and are now attempting to shift the blame for their failure to investigate to Dr. Rigby.

We are constrained to agree that the claims against these defendants are prescribed. Plaintiffs have presented this court with no legal authority to support the application of the general Civil Code and Code of Civil Procedure articles relative to interruption-of-prescription and relation-back in their medical malpractice action against these particular parties. An appellate court is bound to adjudge a case before it in accordance with the law existing at the time of its decision. Edwards v. State ex rel. Department of Health & Hospitals for Southeast Louisiana State Hospital at Mandeville, La., 2000-2420 (La. App. 1st Cir. 12/28/01), 804 So. 2d 886, 888, writ denied sub nom., Edwards v. State ex rel. Department of Health & Hospitals for Southeast Louisiana, 2002-0318 (La. 4/26/02), 814 So. 2d 557. Thus, according to the law existing at the time of our decision herein, which is set forth by the Louisiana Supreme Court in Warren,

7

Borel, and LeBreton, we must conclude that LSA-R.S. 9:5628(A) governs the prescriptive periods for plaintiffs' medical malpractice actions. Because plaintiffs' claims against the radiology defendants were filed nearly six years from the date of the alleged acts, omission, or neglect, they are prescribed pursuant to LSA-R.S. 9:5628(A).

Accordingly, the judgment of the trial court, maintaining the exception of prescription by the radiology defendants and dismissing plaintiffs' claims against them, will be affirmed.

## ANSWER TO APPEAL

Defendants, Dr. Rigby and LAMMICO, filed an answer to the instant appeal seeking to preserve their right to contest whether a *contra non valentem* exception to LSA-R.S. 9:5628 should be applied herein and whether Dr. Rigby and LAMMICO are precluded from pleading the fault of potentially negligent parties dismissed on an exception of prescription in the event these issues were considered on appeal. In the alternative, defendants ask this court to "disregard their request for relief in this answer."

Considering our ruling herein, the relief sought in the answer to appeal is denied as moot.

## CONCLUSION

Based on the above and foregoing reasons, the June 27, 2019 judgment of the trial court is hereby affirmed. The answer to appeal is denied. Costs of this appeal are assessed to the plaintiffs/appellants, William Cook and Renee Soileau.

**JUDGMENT AFFIRMED; ANSWER TO APPEAL DENIED AS MOOT.**