McDonald, j.
 

 |aThe facts of this case are not at issue. Krystal Dillon was driving a vehicle westbound on the Interstate 12 off-ramp and came to a stop, when she was struck in the rear by Sharon Freeman, who was driving a vehicle owned by the Louisiana Recreational and Used Motor Vehicle and Parts Commission (the Commission). Thereafter, Ms. Dillon filed a suit for damages against Ms. Freeman, the State of Louisiana, the Commission, and the Louisiana Office of Risk Management. The Louisiana Office of Risk Management was dismissed prior to trial, leaving Ms. Freeman, the State of Louisiana, and the Commission as defendants.
 

 After a jury trial on the merits, the jury found in favor of Ms. Dillon and against Ms. Freeman, the State of Louisiana, and the Commission. In accord with the jury findings, the trial court rendered a judgment in favor of Ms. Dillon, awarding her $266,416.02 in damages, interest from the date of judicial demand in the amount of $55,012.75, and costs. The defendants appealed that judgment and make the following assignments of error: 1) that the trial court committed manifest error in denying defendants’ Batson
 
 [2]
 
 challenges; 2) that the trial court committed legal error in calculating the judicial interest to be assessed against the State of Louisiana; and 3) that the trial court committed legal error or abused its discretion in denying defendants’ motions to continue the trial.
 

 ASSIGNMENT OF ERROR NO. 1
 

 Regarding the denial of defendants’ Batson challenges, we note that it is not possible to determine the race of the jurors from the record. Defendants aver that they established a prima facie case of racial discrimination by plaintiffs counsel. However, there is no such information in the record. The arguments of counsel contained in appellate briefs and references to facts and issues that are not currently before the court are not considered record evidence. This court has no ^authority to consider on appeal facts referred to in appellate briefs if those facts are not in the record on appeal.
 
 In Re Succession ofBadeaux,
 
 2008-1085, pp. 5-6 (La.App. 1st Cir.3/27/09), 12 So.3d 348, 352,
 
 writ denied,
 
 2009-0822, (La.5/29/09), 9 So.3d 166.
 

 Defendants filed a motion to supplement the record with this court, which denied the motion, as requests for supplementation of the record are more properly directed to the trial court.
 
 Dillon v. Freeman,
 
 2009-0606 (La.App. 1st Cir.6/22/09) (unpublished). The defendants then filed a motion to supplement the record with the trial court, which granted the motion in part and denied the motion in part. The defendants then filed a third motion to supplement the record with this court, which granted the motion on July 24, 2009. Despite the supplementation of the record, the record still does not contain evidence of the race of the jurors, only the defendants’ attorneys’ argument about the race of the jurors. Thus, this assignment of error has no merit.
 

 
 *991
 
 ASSIGNMENT OF ERROR NO. 2
 

 In this assignment of error, the defendants assert that the trial court improperly calculated interest on the judgment. Louisiana Revised Statute 13:5112 provides in part:
 

 C. Legal interest on any claim for personal injury or wrongful death shall accrue at six percent per annum from the date service is requested following judicial demand until the judgment thereon is signed by the trial judge in accordance with Code of Civil Procedure Article 1911. Legal interest accruing subsequent to the signing of the judgment shall be at the rate fixed by R.S. 9:3500.
 

 Although the statute provides for legal interest to accrue from the date service is requested following judicial demand, the judgment appealed herein ordered the defendants to pay accrued interest from the date of judicial demand in the amount of $55,012.75. The suit was filed on August 26, 2005.
 

 14The judgment awarded Ms. Dillon $266,416.02. Service of the petition was requested on October 18, 2005, and the judgment was signed on March 12, 2008. Judicial interest ran for the last 75 days left in 2005, the full 365 days in 2006, the full 365 days in 2007, and the first 72 days of 2008, for a total of 877 days. The judgment amount of $266,416.02 multiplied by .06 equals interest of $15,984.96 per year. Divided by 365 days, it equals $43.79 per day interest. Multiplying the daily interest of $43.79 times 877 days equals $38,403.83.
 

 Thus, the trial court legally erred in awarding $55,012.75 in interest on the judgment. We amend the judicial interest award to $38,403.83.
 

 ASSIGNMENT OF ERROR NO. 3
 

 The defendants assert that the trial court abused its discretion in denying their motions to continue the trial. Louisiana Code of Civil Procedure article 1601 provides that “[a] continuance may be granted in any case if there is good ground therefor.” The trial court has great discretion in granting or denying a continuance under Article 1601, and its ruling should not be disturbed on appeal in the absence of a clear abuse of discretion.
 
 St Tammany Parish Hospital v. Bums,
 
 2000-2639, p. 4 (La.App. 1st Cir.12/28/01), 804 So.2d 960, 963.
 

 The suit was filed on August 26, 2005. At a status conference on October 10, 2007, in which attorneys for both sides participated, the case was set for trial the week of February 11, 2008, with a final pre-trial conference set for the afternoon of February 11, 2008.
 

 On December 10, 2007, defendants filed a motion to continue the trial due to a scheduling conflict. This motion was denied by the trial court on December 12, 2007, noting in its reasons that the local rules required that all counsel must agree to a trial continuance.
 

 Thereafter, on February 1, 2008, defendants filed another motion to continue the trial, which was heard and denied on February 11, 2008. The trial court | .^determined that a delay in the trial was not warranted. The trial court found that defendants had ample time between the filing of the suit and start of the trial to depose the witnesses. There is no support in the record for their argument that some witnesses were unavailable, nor is there any evidence that the plaintiff hindered the defendants from taking depositions during discovery. The court weighed the matter and determined that a lengthy delay, due to the heavy court docket, would be unfair to the plaintiff and contrary to the orderly and prompt administration of justice. We find no abuse of discretion by the trial court in denying the defendants’ motions for continuance.
 

 
 *992
 
 Thus, for the foregoing reasons, the trial court judgment is amended to reduce the judicial interest award to $38,403.83; in all other respects, the judgment is affirmed. Costs in the amount of $6,937.50 are assessed against the defendants.
 

 JUDICIAL INTEREST AWARD AMENDED; JUDGMENT AFFIRMED IN ALL OTHER RESPECTS.
 

 [2]
 

 .
 
 See Batson v. Kentucky,
 
 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69.