CRAIN, J.
^Premier Performance Marine, L.L.C. appeals a judgment sustaining an exception of peremption and dismissing its claims against Bourg Insurance Agency, Inc. We reverse and remand.
FACTS
According to the pleadings filed in these consolidated proceedings, Premier leased a building from William and Rosa Cambre that was severely damaged in a storm on or about December 10, 2012. The building was insured by a policy issued by Atain Specialty Insurance Company to Premier, as the named insured. Pursuant to that policy, Atain paid Premier $65,000.00 for damage to the building. Atain later learned that Premier was not the owner of the building and filed suit against Premier on December 11, 2013, seeking recovery of the insurance proceeds. The Cambres filed a separate suit against Premier on December 9, 2013, alleging that Premier received the insurance proceeds but never remitted the funds to the Cambres.
Premier denied any liability to Atain or the Cambres and further alleged that any misrepresentations or misinformation provided to Atain was due to the neglect or fault of Bourg, Premier’s insurance agent. On February 7, 2014, Premier filed a third-party demand against Bourg in the proceeding instituted by Atain; and on June 4, 2014, Premier filed a cross-claim against Bourg in the Cambre proceeding. In both incidental demands, Premier sought recovery from Bourg for any liability that Premier may have to Atain or the Cambres, respectively.
After the two proceedings were consolidated, Bourg filed an exception of peremp *189 tion and alternatively, a motion for summary judgment contending that Premier’s claims were perempted under Louisiana Revised Statute 9:5606, which sets forth one-year and three-year peremptive periods for claims against insurance |4 agents arising out of an engagement to provide insurance services. Bourg maintained that the first policy application that incorrectly identified Premier as the building owner was executed by a representative of Premier on or about March 25, 2011, more than three years prior to the filing of the cross-claim. Bourg further argued that Premier should have discovered the alleged misrepresentation when its representative signed the application; therefore, both incidental demands, which were filed more than one year thereafter, were per-empted under Section 9:5606.
Premier disputed that it had constructive knowledge of the mistake as early as March 25, 2011, and asserted that the 2011 application was completed by Bourg’s employee and was not read by Premier’s representative when he signed it. Premier further argued that the three-year per-emptive period, which commences from the date of the alleged negligent act, did not begin until March of 2012 when a second application containing the same mistake was completed. Thus, according to Premier, the incidental demands filed on February 7, 2014, and June 4, 2014, were timely under Section 9:5606.
The trial court held a hearing on the exception and the alternative motion for summary judgment on March 9, 2015. Although exhibits were attached to the mem-oranda filed by the parties, no evidence was introduced at the hearing in support of the exception of peremption. After taking the matter under advisement, the trial court issued a judgment with incorporated reasons finding in favor of Bourg, sustaining the exception of peremption, and dismissing Premier’s third-party demand and cross claim at Premier’s cost.[1] Premier appeals and assigns as error the trial court’s application of Section 9:5606 and its determination of the accrual date for the calculation of the peremptive period.
^DISCUSSION '
Section 9:5606 A sets forth the following one-year and three-year time limitations applicable to . suits against insurance agents:
No actioii for damages against any insurance agent ,.. arising out. of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one. year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
These one-year and three-year periods of limitation are peremptive periods. See La. R.S. 9:5606 D; Green Trails, LLC v. Stewart Title of Louisiana, Inc., 12-0133 (La. App. 1 Cir. 9/21/12), 111 So.3d 14, 17, writ denied, 12-2295 (La.12/14/12), 104 So.3d 443.[2]
*190 Peremption is a' period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period, La. Giv.Code art. 3458. Peremption may not be renounced, interrupted, or suspended. La. Civ.Code art. 3461. Peremption may be raised by a peremptory exception. See La.Code Civ. Pro. art. 927 A(2); Rando v. Anco Insulations Inc., 08-1163 (La.5/22/09), 16 So.3d 1065, 1082.
At the hearing on the exception of peremption, evidence may be introduced to support or controvert the exception. See La.Code Civ. Pro. art. 931. As previously recognized, the parties in the present proceeding did not introduce any evidence at the hearing in support of or in opposition to the exception of Rperemption. Although both parties attached numerous exhibits to their respective memoranda, those exhibits were not introduced into evidence. Unless properly offered and introduced into ' evidence, documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. See Denoux v. Vessel Management Services, Inc., 07-2143 (La.5/21/08), 983 So.2d 84, 88; Union Planters Bank v. Commercial Capital Holding Corporation, 04-0871 (La.App. 1 Cir. 3/24/05), 907 So.2d 129, 130;[3]
In the absence of evidence, an exception of peremption must be decided based upon the facts alleged m the petition with all of the allegations accepted as true. See Cichirillo v. Avondale Industries, Inc., 04-2894 (La.11/29/05), 917 So.2d 424, 428; Williams v. Genuine Parts Company, 14-0857, 2015 WL 127974, p. 4 (La.App. 1 Cir. 1/8/15). If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court’s role is to determine whether the trial court’s ruling was legally correct.- See MSF Trust I v. Stewart, 13-1975, 2015 WL 2185000, p, 4 (La.App. 1 Cir. 5/11/15), writ denied, 15-1132 (La.9/18/15), 178 So.3d 147; Onstott v. Certified Capital Corporation, 05-2548 (La.App. 1 Cir. 11/3/06), 950 So.2d 744, 746.
Premier alleges that Bourg completed the insurance application and that any alleged misrepresentations were due to the neglect or fault of Bourg; however, neither the third-party demand nor the cross-claim asserted against Bourg allege the date of the alleged negligent acts' or the date Premier discovered them. Likewise, the petitions filed by the Cambres and Atain, which proriipted Premier’s incidental demands filed' against Bourg and are' referenced therein, do not allege ^sufficient information to establish on the face of the pleadings that Premier’s claims are perempted. The Cambres’ petition *191 does not allege the occurrence or the discovery of any misrepresentations in the procurement of the building insurance. While Atain’s petition does assert misrepresentations in that regard, Atain alleges that the application for its policy was signed by Premier’s representative on or about March 22, 2012. That allegation, if accepted as -true, establishes that any misrepresentation contained in the pertinent application, which Premier alleges is due to Bourg’s negligence, occurred on March 22, 2012, less than three years prior to the filing of the third-party demand and cross-claim. Based on that allegation, Premier’s claim is not perempted by the three-year period set forth in Section 9:5606. Furthermore, because Premier’s third-party demand and cross-claim do not allege the date that Premier discovered the negligent act, the claims are not perempted on the face of the pleadings under the one-year peremptive period. See Cichirillo, 917 So.2d at 428; Rebstock v. Seismic Exchange Inc. 13-0540, 2013 WL 5915140, p. 2 (La.App. 1 Cir. 11/1/13).
Because the claims against Bourg are not perempted on the face of the pleadings, the burden was on Bourg to prove the'facts to support its exception of peremption. See Bando, 16 So.3d at 1082. No evidence was introduced at the hearing and, on the face of the record before us, Bourg failed to carry that burden. ' See Williams, 2015 WL 127974 at p. 4. The trial court legally erred in sustaining the exception of peremption and dismissing the cross-claim and third-party demand filed by Premier against Bourg.
CONCLUSION
The trial court’s judgment sustaining the exception of peremption and dismissing Premier’s third-party demand and cross-claim at its cost is reversed. [ sThis matter is remanded for further proceedings. All costs of this appeal are assessed to Bourg Insurance Agency, Inc.
REVERSED AND REMANDED.
PETTIGREW, J., concurs with the result and assigns reason,' .

. The judgment denied the alternative motion for summary judgment.

. Because it is not determinative of the issue presented on this appeal, we do not address whether these peremptive periods are extended by the ninety-day grace period provided for filing incidental demands by Louisiana Code of Civil Procedure article 1067. Cf. Peck v. Richmar Construction, Inc., 13-1170 (La.App. T Cir.. 2/26/14), 144 So.3d 1042, 1046-47, writ denied, 14-0830 (La.6/20/14), *190 141 So.3d 810 (five-year peremptive period under applicable version of. New Home Warranty Act was not extended by Article 1067’s ninety-day grace period for an incidental demand); Huffman v. Goodman, 34,361 (La. App. 2 Cir. 4/4/01), 784 So.2d 718, 730, writ denied, 01-1331 (La.6/22/01), 794 So.2d 791 (peremptive period under Section 9:5606 was extended by Article 1067’s ninety-day grace period for incidental demands),

. We recognize that under Louisiana Code of Civil Procedrire article 966 F(2) (prior to amendment by 2015 La. Acts, No. 422) the exhibits attached to the memoranda were "deemed admitted for purposes of the motion for summary judgment”; however, the trial court denied the motion for summary judgment, arid Bourg did not seek review of that ruling in an answer to Premier’s appeal. Cf. La.Code Civ. Pro. art. 2133; Hiern v. Sarpy, 09-0608, 2009 WL 3452886, p. 5 (La.App. 1 Cir. 10/23/09). Therefore, the merits of the motion for summary judgment are not before this court,