# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

**2021 CW 0291**

IN THE MATTER OF
THE SUCCESSION OF NATHANIEL ABRAM

Judgment Rendered: OCT 1 8 2021

* * * * * * *

On Appeal from the 18th Judicial District Court
In and for the Parish of Iberville
State of Louisiana
Trial Court No. 10937

Honorable J. Kevin Kimball, Judge Presiding

* * * * * * *

| | |
|---|---|
| Ann B. Steinhardt<br>New Orleans, Louisiana | Attorney for Appellant,<br>Tierra Trask |
| L. Phillip Canova, Jr.<br>Louis W. Delahaye<br>Caroline D. Lobue<br>Plaquemine, Louisiana | Attorneys for Appellee,<br>Tellis T. Abram, Executor |

* * * * * * *

**BEFORE: WHIPPLE, CJ., PENZATO, AND HESTER, JJ.**

**PENZATO, J.**

Tierra Trask appeals a judgment sustaining an exception of peremption and dismissing her opposition to probate a will. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

Nathaniel Abram died on October 29, 2018. He was survived by two sons, Tellis T. Abram and Kendall T. Abram. A third son, Keddrick J. Smith, predeceased Nathaniel.[1] On February 6, 2019, Tellis filed a petition seeking to probate a will executed by Nathaniel dated October 28, 1998. The will bequeathed Nathaniel's entire estate to his three sons. Keddrick's name was marked through with a notation indicating "Deceased", and "3", referencing the number of Nathaniel's sons, was marked through with "2" written above. The will further directed the sale of certain immovable property with the proceeds to be divided equally among Nathaniel's three sons. Keddrick's name was again marked through with the notation "Deceased", and "3" was marked through with "2" written above. Finally, certain buildings were allocated to each of the three sons. With regard to one of the buildings, the notation "goes to Keddrick" was marked through. On February 12, 2019, the trial court signed an order probating the October 28, 1998 will and recognizing Tellis as the executor of the estate.

On March 11, 2019, Tierra Trask and Caitlin Woods, children of Keddrick, filed a pleading entitled, "OPPOSITION TO PROBATE alternatively VALID WILL WITH INEFFECTUAL NOTATIONS." Tierra and Caitlin opposed the probate of the will, alleging it was invalid, as it did not conform to any will authorized under Louisiana law. In the alternative, Tierra and Caitlin argued the will was valid but the notations were without effect such that their father was restored as an heir under the will as originally written. Tierra and Caitlin prayed that the petition to probate be dismissed and the October 28, 1998 will be declared

---

[1] Keddrick died on October 23, 2003.

2

invalid, or alternatively that the notations be declared invalid revocations of Keddrick's legacies.[2] In response, Tellis, in his capacity as executor, filed an exception of peremption, contending that Tierra and Caitlin were prohibited from claiming paternity of their alleged father, Keddrick, in the succession of their alleged grandfather, Nathaniel, pursuant to La. C.C. art. 197.[3] According to the exception, Keddrick died on October 23, 2003, and no action was instituted within one year after his death to prove his paternity of Tierra and Caitlin. In response to the exception, on April 13, 2020, Tierra filed copies of a number of documents, including sworn statements, correspondence, support payments, family pictures, DNA results, and a greeting card.[4]

The exception of peremption was set for hearing on August 6, 2020.[5] However, on April 30, 2020, the parties filed a joint motion to submit the matter on the record. On June 4, 2020, following a telephone conference with the parties, the trial court signed an order that it would "decide exceptions based on memoranda, as agreed by counsel." Thereafter, on August 6, 2020, the trial court issued a ruling sustaining the exception of peremption and on September 29, 2020, signed a judgment as follows:

---

[2] We note that the opposition was filed after the trial court signed an order probating the will. See La. C.C.P. art. 2881. Moreover, to the extent the pleading seeks to annul the will, we note that it does not comply with the formalities of La. C.C.P. art. 2931.

[3] Louisiana Civil Code article 197 provides as follows:

> A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.
>
> For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father.

[4] Tierra filed a motion to supplement the record in this court, seeking to supplement the record, which contained copies, with the originals of these documents. The motion to supplement is hereby denied, as requests for supplementation of the record are more properly directed to the trial court. Dillon v. Freeman, 2009-0606 (La. App. 1 Cir. 1/5/10), 30 So. 3d 989, 990, writ denied, 2010-0264 (La. 4/9/10), 31 So. 3d 389.

[5] The exception was originally set for hearing on April 1, 2020, but was continued because of the Covid-19 Public Health Emergency declared for the State of Louisiana.

3

IT IS ORDERED, ADJUDGED AND DECREED that the exception of peremption be and it is hereby sustained and the respondents, Tierra Trask and Caitlin Woods, Opposition to Probate and alternatively Valid Will with Ineffectual Notations are dismissed at respondents' costs.

Tierra appealed the September 29, 2020 judgment, alleging the trial court's ruling was erroneous, unreasonable, and contrary to law.

## JURISDICTION

Before reaching the merits of this appeal, we have a duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. *Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.,* 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So. 3d 1044, 1046 (en banc). Because our jurisdiction extends only to "final judgments," see La. C.C.P. art. 2083(A), this court cannot determine the merits of an appeal unless our appellate jurisdiction is properly invoked by a valid final judgment. *Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc.,* 2011-0520 (La. App. 1 Cir. 11/9/11), 79 So. 3d 1054, 1061, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698.

A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. La. C.C.P. art. 1841. A judgment that determines the merits in whole or in part is a final judgment. *Id.* A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. *Id.* An interlocutory judgment is appealable only when expressly provided by law. La. C.C.P. art. 2083(C).

The September 29, 2020 judgment sustains an exception of peremption, but does not dismiss any party. It dismisses an opposition to probate, but does not order that the will be probated or declare the will invalid. Thus, we conclude that this is an interlocutory judgment. There is no law that expressly allows an appeal of this particular interlocutory judgment.

4

The proper procedural vehicle to contest an interlocutory judgment is an application for supervisory writs. See *State in the Interest of J.C.*, 2016-0138 (La. App. 1 Cir. 6/3/16), 196 So. 3d 102, 107. Because Tierra filed the motion for appeal within the thirty-day delay provided for seeking supervisory writs,[6] we exercise our discretion to convert the appeal to an application for supervisory writs, and consider the merits of this appeal under our supervisory jurisdiction. See La. Uniform Rules-Courts of Appeal, Rule 4-3; *Stelluto v. Stelluto*, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39.

## LAW AND DISCUSSION

The peremptory exception filed by Tellis in his capacity as executor alleged that Tierra and Caitlin were preempted from claiming paternity of their alleged father, Keddrick, in the succession of their alleged grandfather, Nathaniel, pursuant to La. C.C. art. 197, which establishes a one-year peremptive period for an action to prove paternity for purposes of succession only.[7]

Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458. Peremption may be raised by a peremptory exception. See La. C.C.P. art. 927(A)(2).

At the hearing on the exception of peremption, evidence may be introduced to support or controvert the exception. See La. C.C.P. art. 931. As recognized above, the parties agreed to submit the exception "on the record," and the trial court issued an order that it would decide the exception "based on memoranda." Tellis attached to his exception Tierra's responses to interrogatories and requests for production of documents propounded in his capacity as executor. Tierra and

---

[6] A party intending to apply to this court for a supervisory writ shall give notice of such intention by requesting a return date to be set by the trial court, which shall not exceed thirty days from the date of the notice of judgment. See Uniform Rules-Courts of Appeal, Rules 4-2 and 4-3.

[7] We note that Tierra and Caitlin did not file an action to establish paternity.

Caitlin did not file a memorandum in opposition to the exception, but Tierra filed a number of documents into the record. However, none of these documents were introduced into evidence. Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. *Denoux v. Vessel Management Services, Inc.*, 2007-2143 (La. 5/21/08), 983 So. 2d 84, 88. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. *Id.*; *Atain Speciality Ins. Co. v. Premier Performance Marine, LLC*, 2015-1128 (La. App. 1 Cir. 4/8/16), 193 So. 3d 187, 190.

In the absence of evidence, an exception of peremption must be decided based upon the facts alleged in the petition with all of the allegations accepted as true. See *Atain*, 193 So. 3d 190. If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. *Id.*

In their "OPPOSITION TO PROBATE alternatively VALID WILL WITH INEFFECTUAL NOTATIONS", Tierra and Caitlin alleged they were the children of the deceased Keddrick. Based on that allegation, which is the only reference in the pleading to their relationship to Keddrick, their opposition to the probate of the October 28, 1998 will, and their request that it be declared invalid, or alternatively that the notations be declared invalid revocations of Keddrick's legacies, is not perempted by the one-year peremptive period set forth in La. C.C. art. 197.

Because their claims are not perempted on the face of their pleadings, the burden was on Tellis to prove the facts to support his exception of peremption. See *Atain*, 193 So. 3d 191. No evidence was introduced in connection with the exception, and on the face of the record before us, Tellis failed to carry that burden. See *Id.* The trial court legally erred in sustaining the exception of peremption and

6

dismissing the "OPPOSITION TO PROBATE alternatively VALID WILL WITH INEFFECTUAL NOTATIONS."

## CONCLUSION

For the foregoing reasons, the appeal is converted to an application for supervisory writs, and the writ is granted. The trial court's September 29, 2020 judgment sustaining the exception of peremption and dismissing the "OPPOSITION TO PROBATE alternatively VALID WILL WITH INEFFECTUAL NOTATIONS" is reversed. All costs of this appeal are assessed to Tellis T. Abram, as Executor of the Succession of Nathaniel Abram.

**MOTION TO SUPPLEMENT RECORD DENIED; APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT OF REVIEW; WRIT GRANTED; JUDGMENT REVERSED.**