# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2024 CA 0775

## WILLIAM R. TICKER INDIVIDUALLY AND ON BEHALF OF MCKENZIE A. TICKER

## VERSUS

## THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT (DOTD)

Judgment Rendered: **MAR 1 4 2025**

\* \* \* \* \*

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 704453

Honorable Tiffany Foxworth-Roberts, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Frank D. Ippolito<br>Chalmette, Louisiana<br>-and-<br>Paul T. Landry<br>Morgan City, Louisiana | Attorneys for Plaintiff-Appellant,<br>William R. Ticker, Individually and<br>on behalf of McKenzie A. Ticker |
| Brett W. Tweedel<br>Thomas G. Buck<br>Metairie, Louisiana | Attorneys for Defendant-Appellee,<br>Beard Construction Group, LLC |

\* \* \* \* \*

BEFORE: HESTER, GREENE, AND STROMBERG, JJ.

**HESTER, J.**

Plaintiff, William Ticker, individually and on behalf of his daughter McKenzie Ticker (Mr. Ticker), appeals a trial court judgment sustaining defendant, Beard Construction Group, LLC's (Beard Construction) peremptory exceptions raising the objections of peremption and prescription, and denying Mr. Ticker's motion to compel. Beard Construction answered the appeal, contending that the trial court erred in denying its motion for sanctions. For the following reasons, the portion of the judgment sustaining Beard Construction's peremptory exceptions of peremption and prescription is reversed; the portion of the judgment denying Mr. Ticker's motion to compel is vacated and remanded to the trial court to be considered with Beard Construction's motion to stay discovery and for protective order; and the portion of the judgment denying Beard Construction's request for sanctions is affirmed.

## FACTS AND PROCEDURAL HISTORY

On September 8, 2020, McKenzie Ticker was traveling westbound on Interstate 12 in St. Tammany Parish when she veered left on to the median, traveled underneath the safety cable barrier system and on to the eastbound side of the interstate into oncoming traffic, where she was struck by an eighteen-wheeler. Ms. Ticker died as a result of her injuries. On February 4, 2021, Mr. Ticker, individually and on behalf of Ms. Ticker, filed a "Petition in Suit for Damages for Wrongful Death, and Survival Action" naming the State of Louisiana through the Department of Transportation and Development (DOTD) as the defendant, alleging that the safety cable barrier system was defective as it allowed Ms. Ticker's vehicle to pass underneath the barrier and into oncoming traffic. On April 22, 2022, Mr. Ticker filed a first supplemental and amended petition adding the manufacturer of the safety cable barrier system, Gibraltar Global, LLC, and its insurer as additional

defendants.[1] On June 21, 2022, Mr. Ticker amended his petition a second time, adding Gibraltar Cable Barrier System, LP and its yet-to-be-identified insurers as defendants.

On January 31, 2023, Mr. Ticker filed his third supplemental and amended petition adding Beard Construction as a defendant. In the petition, Mr. Ticker alleges that DOTD contracted with Beard Construction to maintain the safety cable barrier system in St. Tammany Parish, and it was maintained in a faulty and defective manner, leaving a gap underneath the structure that allowed Ms. Ticker's vehicle to completely pass underneath and into oncoming traffic.

Beard Construction responded by filing peremptory exceptions of prescription and peremption[2] contending that Mr. Ticker's claims against Beard Construction were prescribed under La. Civ. Code art. 3492 and/or preempted under La. R.S. 9:2772. Beard Construction also requested sanctions for frivolous pleadings under La. Code Civ. P. art. 863. In support of its exceptions, Beard Construction contended that it did not have a contract with DOTD for the safety cable barrier system at the time of the accident, as Beard Construction's contract, which provided for maintenance and repair of the cable barrier system, ended over three years before the accident occurred and over five years before Mr. Ticker sued Beard Construction. In support of its request for sanctions, Beard Construction contended that Mr. Ticker was notified that Beard Construction did not have a contract with DOTD at the time of the accident when he was sent a copy of the contract between Beard Construction and DOTD and when DOTD provided discovery responses, and

---

[1] Gibraltar's insurer was unknown at the time the supplemental and amended petition was filed and was named as XYZ Insurance Company in the petition.

[2] Louisiana Code of Civil Procedure article 922 recognizes only three exceptions: the declinatory exception, the dilatory exception, and the peremptory exception. See La. Code Civ. P. arts. 925, 926, 927. In this case, Beard Construction filed a peremptory exception pleading the objections of prescription and preemption. See La. Code Civ. P. art. 927. Herein, for brevity, we refer to those exceptions as an exception of prescription and an exception of peremption.

despite that information, Mr. Ticker continued to pursue his claims against Beard Construction. Beard Construction attached to its exceptions and request for sanctions its contract with DOTD as well as DOTD's answers to interrogatories.

On May 25, 2023, Mr. Ticker filed a motion to compel discovery and to have requests for admissions deemed admitted, seeking an order compelling Beard Construction to answer the interrogatories, requests for production, and requests for admissions previously propounded on it. Beard Construction responded by filing a motion for protective order and to stay discovery propounded by Mr. Ticker until its exceptions and request for sanctions had been ruled on.

On June 29, 2023, Mr. Ticker filed a fifth supplemental and amended petition alleging that DOTD and Beard Construction as well as other named defendants were liable to plaintiff, "jointly, severally and in solido[.]"

On August 28, 2023, Beard Construction's peremptory exception of prescription, peremptory exception of peremption, request for sanctions, motion to stay discovery, and motion for a protective order, as well as Mr. Ticker's motion to compel, came before the trial court for a hearing. After the hearing, a judgment was signed by the trial court on September 11, 2023, sustaining Beard Construction's peremptory exception of prescription, and peremptory exception of peremption, denying Beard Construction's motion for sanctions, denying Mr. Ticker's motion to compel, and dismissing Beard Construction's motion to stay discovery and for protective order as moot.[3] It is from this judgment that Mr. Ticker appeals, contending that the trial court erred in sustaining Beard Construction's exceptions, in denying his motion to compel, and in not allowing him the opportunity to amend

---

[3] The September 11, 2023 judgment lacked the proper decretal language, and this court issued a rule to show cause order requesting the parties to brief whether this appeal should be dismissed. Thereafter, this court issued an interim order remanding the matter to the trial court for the limited purpose of requesting the trial court to issue an amended judgment in accordance with La. Code Civ. P. art. 1951. The appellate record was supplemented with an amended judgment signed by the trial court on December 16, 2024, which contained the proper decretal language. Therefore, we recall the rule to show cause and maintain the appeal.

4

his petition to cure the grounds for the exceptions. Beard Construction answered the appeal, contending that the trial court erred in denying its motion for sanctions.

## DISCUSSION

## PEREMPTION AND PRESCRIPTION

Appellate review of a judgment ruling on exceptions of peremption and prescription depends on the manner in which the exceptions are heard. **Templet v. State through DPSC**, 2019-0037 (La. App. 1st Cir. 11/15/19), 290 So.3d 187, 191. When a peremptory exception is pleaded at or before trial, evidence may be introduced to support or controvert the exception when the grounds thereof do not appear from the petition. La. Code Civ. P. art. 931. In the absence of evidence, the exception must be decided on the facts alleged in the petition, and the court accepts those factual allegations as true. **Quinn v. La. Citizens Prop. Ins. Corp.**, 2012-0152 (La. 11/2/12), 118 So.3d 1011, 1017 and **Atain Speciality Ins. Co. v. Premier Performance Marine, LLC**, 2015-1128 (La. App. 1st Cir. 4/8/16), 193 So.3d 187, 190. Further, where no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. **Atain Speciality Ins. Co.**, 193 So.3d at 190. Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. **Denoux v. Vessel Management Services, Inc.**, 2007-2143 (La. 5/21/08), 983 So.2d 84, 88. Moreover, documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. **Denoux**, 983 So.2d at 88.

In this case, the record reflects that neither Beard Construction nor Mr. Ticker formally introduced any evidence at the exception hearing. Although Beard Construction attached documents to its memoranda, including the contract between it and DOTD, and both parties referenced the date of the contract during their argument at the exception hearing, the contract was not introduced into evidence and

cannot be considered on appeal.  See **Denoux**, 983 So.2d at 88; **Templet**, 290 So.3d at 191.  Accordingly, we are limited to the facts alleged in Mr. Ticker's petition to determine if the trial court's ruling was legally correct.  See **Alliance Hospitality, L.L.C. v. Esquivel**, 2020-0807 (La. App. 1st Cir. 2/24/21), 322 So.3d 253, 256.

Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception.  However, if the plaintiff's claim is perempted or prescribed on its face, the burden shifts to the plaintiff to show the action is not perempted or prescribed.  See **Prevo v. State ex rel. DPSC Div. of Probation and Parole**, 2015-0823 (La. 11/20/15), 187 So.3d 395, 398.

In his petition as amended, Mr. Ticker alleged that the accident occurred on September 8, 2020.  In his third amended petition filed on January 31, 2023, Mr. Ticker added Beard Construction as a defendant and provided that DOTD contracted with Beard Construction to maintain the safety barrier system in St. Tammany Parish and it was maintained in a faulty manner leaving a gap underneath allowing Ms. Ticker's car to completely pass under the system.  The date of the contract between Beard Construction and DOTD is not provided in Mr. Ticker's petition or amended petitions.

I.  Peremption

Beard Construction contends that its contract with DOTD was a construction contract under La. R.S. 9:2772 and an action related thereto is subject to a five-year peremptive period.  Section A of La. R.S. 9:2772 pertinently sets forth a five-year peremptive period applicable to actions against contractors for defective construction:

> A. Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or

6

administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:

(1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.

(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.

If an acceptance of the construction is recorded within six months of occupancy, the peremptive period begins on the date the acceptance is recorded; if no acceptance is recorded within six months of occupancy, the peremptive period begins on the date of occupancy. **Beverly Construction, L.L.C. v. Wadsworth Estates, L.L.C.**, 2019-0911 (La. App. 1 Cir. 2/26/20), 300 So.3d 1, 6. We question but make no determination as to whether La. R.S. 9:2772's five-year peremptive period is actually applicable to Mr. Ticker's claims against Beard Construction. Even if it would apply, neither Mr. Ticker's petition nor properly-introduced evidence establish the dates of the DOTD-Beard Construction contract, which would determine when peremption began. Thus, absent such allegations or evidence, we conclude the trial court legally erred in granting Beard Construction's peremptory exception of peremption.

II.     Prescription

At the time Mr. Ticker's claim arose, La. Civ. Code art. 3492[4] provided in pertinent part, "[d]elictual actions are subject to a liberative prescription of one year.

---

[4] Louisiana Civil Code article 3492 was repealed by La. Acts 2024, No. 423, §2. Section 3 of Act 423 provided it was to be given prospective application only to actions arising after its effective date, which was July 1, 2024. Accordingly, former La. Civ. Code art. 3492 is applicable to the instant action. Louisiana Civil Code articles 3493.1 and 3493.2, effective July 1, 2024, now provide a two-year prescriptive period for delictual actions. See **Balthazor v. Louisiana**, 2024-0156 (La. App. 1 Cir. 12/6/24), 2024 WL 50000637, *1, n.5.

This prescription commences to run from the day injury or damage is sustained." Since Mr. Ticker's amending petition adding Beard Construction was filed more than a year after the accident, he had the burden of establishing that the claims alleged in the amended action were not prescribed. See **Stevenson v. Progressive Sec. Ins. Co.**, 2019-00637 (La. 4/3/20), 341 So.3d 1202, 1203. Mr. Ticker contends that prescription was interrupted as to Beard Construction when he timely filed suit against DOTD because Beard Construction and DOTD are joint tortfeasors, and as such, solidary obligors. When a plaintiff claims that prescription was interrupted because the newly-added defendant is a joint tortfeasor with the timely-sued defendant, the plaintiff bears the burden of establishing joint tortfeasor status. **Wheat v. Nievar**, 2007-0680 (La. App. 1st Cir. 2/8/08), 984 So.2d 773, 775. To properly allege joint liability, plaintiffs must do more than merely assert such a relationship. See **McKenzie v. Imperial Fire and Casualty Ins. Co.**, 2012-1648 (La. App. 1st Cir. 7/30/13), 122 So. 3d 42, 48. There must be allegations of specific facts on the part of the newly added defendant that, when taken as true for purposes of defeating an exception of prescription, are sufficient to assert a joint tortfeasor and/or solidary obligor relationship between that defendant and at least one of the timely sued defendants. **Hill on Behalf of George v. State Farm Mut. Auto. Ins. Co.**, 55,091 (La. App. 2d Cir. 5/10/23), 362 So.3d 1279, 1286.

The Louisiana Civil Code provision instituting comparative fault, article 2323, applies to the acts of "all persons causing or contributing to" a plaintiff's damages. La. Civ. Code art. 2323(A). Article 2324(C) of the Louisiana Civil Code provides that "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." The term joint tortfeasor may be applied both to the situation where two or more persons are acting in concert, or where the negligence of concurrent tortfeasors occurs or coalesces contemporaneously to produce an injury. **Milbert v. Answering Bureau, Inc.**, 2013-0022 (La. 6/28/13), 120 So.3d

8

678, 688. An interruption of prescription against one solidary obligor (joint tortfeasor) is effective against all other solidary obligors (joint tortfeasors), and the interruption continues while the suit is pending. See La. Civ. Code arts. 1799 and 3503. For purposes of prescription, parties "are solidarily liable to the extent that they share coextensive liability to repair certain elements of the same damage." **Glasgow v. PAR Minerals Corp.**, 2010-2011 (La. 5/10/11), 70 So.3d 765, 772. Courts should resolve doubts about a prescription question in favor of giving the litigant his day in court. **State ex rel. Tureau v. BEPCO, L.P.**, 2020-856 (La. 10/21/22), 351 So.3d 297, 304.

In his original petition, Mr. Ticker alleged that DOTD had control over Interstate 12 in St. Tammany Parish and was liable for any defects that may be found on the interstate, and that there was a defect in the installation and/or maintenance of the safety cable barrier system between the eastbound and westbound lanes of the interstate, which contributed to Ms. Ticker's accident. In his third amended petition, Mr. Ticker alleged, "it is believed that [DOTD] hired and/or contracted defendant [Beard Construction] to maintain the Safety Cable Barrier System in St. Tammany Parish on Interstate 12 ...which was maintained in a faulty and defective manner." As we are constrained to the facts alleged in Mr. Ticker's petition, as amended, which we must accept as true, we conclude that Mr. Ticker's allegations in the original petition and third amended petition together were at least minimally sufficient to assert that DOTD and Beard Construction shared coextensive liability to repair certain elements of the same damage and to assert some fault against DOTD and Beard Construction. Based on these allegations, read in light of the applicable jurisprudence, requiring doubts about a prescription question to be resolved in favor of giving the litigant his day in court, we reluctantly conclude for the purposes of this exception that Mr. Ticker has alleged a cause of action claiming Beard Construction is solidarily liable with DOTD. Thus, the timely filed suit against

9

DOTD interrupted prescription against Beard Construction. The trial court's grant of Beard Construction's peremptory exception of prescription is reversed.

**MOTION TO COMPEL**

Mr. Ticker contends that the trial court erred in denying his motion to compel. After hearing arguments regarding the motion to compel, the trial court deferred its ruling and allowed the parties to proceed with their arguments on the exceptions. Thereafter, the trial court granted Beard Construction's peremptory exceptions of peremption and prescription, and then denied Mr. Ticker's motion to compel and dismissed Beard Construction's motion to stay discovery and for protective order as moot. Herein, the trial court denied the motion to compel because it granted the exceptions. Moreover, the trial court did not consider Beard Construction's motion. In light of our ruling reversing the peremptory exceptions of peremption and prescription, we vacate the trial court's denial of these motions and remand the matter to the trial court to consider Mr. Ticker's motion to compel and Beard Construction's motion to stay discovery and for protective order.

**ANSWER TO THE APPEAL**

Beard Construction contends that the trial court erred in denying sanctions against Mr. Ticker for filing frivolous pleadings. Under La. Code Civ. P. art. 863, there is an affirmative duty imposed on attorneys and litigants to make an objectively reasonable inquiry into the facts and the law. Article 863 is intended to be used only in exceptional circumstances; where there is even the slightest justification for the assertion of a legal right, sanctions are not warranted. **Tubbs v. Tubbs**, 96-2095 (La. App. 1st Cir. 9/19/97), 700 So.2d 941, 945. A trial court's determination regarding the imposition of sanctions is subject to the manifest error or clearly wrong standard of review. **Stroscher v. Stroscher**, 2001-2769 (La. App. 1st Cir. 2/14/03), 845 So.2d 518, 526. Herein, we find no manifest error in the trial court's decision

10

denying Beard Construction's request for sanctions. The trial court's denial of Beard Construction's request for sanctions is affirmed.

## CONCLUSION

For the foregoing reasons, the portion of the judgment sustaining Beard Construction's peremptory exceptions of peremption and prescription is reversed; the portion of the judgment denying Mr. Ticker's motion to compel is vacated and remanded to the trial court to be considered with Beard Construction's motion to stay discovery and for protective order; and the portion of the judgment denying Beard Construction's request for sanctions is affirmed. All costs of the proceeding are to be divided between plaintiff-appellant, Mr. William Ticker, individually and on behalf of his daughter, McKenzie Ticker, and Beard Construction Group, LLC.

**APPEAL MAINTAINED. REVERSED IN PART, AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**